1  PATRICK D. ROBBINS (CABN 152288)
   Acting United States Attorney
2  PAMELA T. JOHANN (CABN 145558)
   Chief, Civil Division
3  EKTA DHARIA (CABN 360251)
   Assistant United States Attorney
4
        450 Golden Gate Avenue
5       San Francisco, California 94102
        Telephone: (415) 436-7276
6       Facsimile: (415) 436-6748
        E-mail: ekta.dharia@usdoj.gov
7
   Attorneys for the UNITED STATES OF AMERICA
8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                                    )  Case No. 25-mc-80041
                                      )
12  IN RE: REQUEST FOR INTERNATIONAL  )
    JUDICIAL ASSISTANCE FROM THE      )  **UNITED STATES' MEMORANDUM OF**
13  NATIONAL COURT OF FIRST INSTANCE IN )  **LAW IN SUPPORT OF *EX PARTE***
    CIVIL MATTERS NO. 87 IN BUENOS AIRES, )  **APPLICATION FOR ORDER PURSUANT**
14  ARGENTINA                         )  **TO 28 U.S.C. § 1782(a)**
                                      )
15  _____)

16        The United States of America, by and through counsel, respectfully submits this memorandum of

17  law in support of the *ex parte* application for an order, pursuant to 28 U.S.C. § 1782(a), to execute a

18  Letter of Request from the National Court of First Instance in Civil Matters No. 87 in Buenos Aires,

19  Argentina for international judicial assistance to obtain information from Google LLC ("Google"), a

20  limited liability company located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.[1]

21  _____

22  [1] "Letters Rogatory are customarily received and appropriate action taken with respect thereto *ex
    parte*."  *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976).  "[I]t is neither
23  uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte.  The
    respondent's due process rights are not violated because he can later challenge any discovery request by
24  moving to quash pursuant to Federal Rule of Civil Procedure 45([d])(3)."  *Gushlak v. Gushlak*, 486 F.
    App'x 215, 217 (2d Cir. 2012); *see In re Letters Rogatory from Tokyo*, 539 F.2d at 1219 (respondents
25  can "raise[] objections and exercise[] their due process rights by motions to quash the subpoenas");
    *accord, e.g.*, *In re Request for Judicial Assistance from Obolonskyi Dist. Ct. in Kyiv, Ukraine*, No. 20-
26  mc-80023-JSC, 2020 WL 571032, at *2 (N.D. Cal. Feb. 5, 2020) ("[T]he instant ex parte application is
    an acceptable method of requested discovery under Section 1782.") (citing *In re Letters Rogatory from
27  Tokyo*, 539 F.2d at 1219); *In re Request for Int'l Judicial Assistance from Nat'l Ct. Admin. of the
    Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015)
28  (same); *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("It is
    common for parties to file ex parte applications, as parties will be given adequate notice of any
    UNITED STATES' MEM. OR LAW ISO *EX PARTE* APPL. FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)
    No. 25-mc-80041

**INTRODUCTION**

The request for international judicial assistance comes from the National Court of First Instance in Civil Matters No. 87 in Buenos Aires, Argentina (the "Argentinian Court"). The Argentinian Court has issued a Letter of Request dated November 28, 2024, requesting judicial assistance to obtain information from Google in connection with a judicial proceeding before the Argentinian Court captioned *Andrea Esther Lazarovich v. Andrés Ernesto di Pelino*, Ref. No. 2328/2024. *See* Declaration of Ekta Dharia ("Dharia Decl.") ¶ 2, Ex. A.

The Argentinian Court is adjudicating a civil action between Andrea Esther Lazarovich and Andrés Ernesto di Pelino involving the enforcement of child support payments. *See* Dharia Decl. ¶ 2, Ex. A at 4. The Argentinian Court has issued an order requesting that Google identify the owner of the gmail account andrealazarovich@gmail.com:

> Ms. Andrea Esther Lazarovich, who claims the enforcement of the child support payment that the defendant Andrés Ernesto Di Pelino claims to have complied with, [is] offering as evidence, among others, the emails sent. In view of this, it is necessary to establish who the owner of the Gmail account andrealazarovich@gmail.com is, to which the proofs of payment were sent.

*Id.*

The Argentinian Court's request was transmitted to the United States Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance ("OIJA") in Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 ("Hague Evidence Convention"). Dharia Decl. ¶ 2. The request was then transmitted to the United States Attorney's Office for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). *Id.*

On January 21, 2025, the United States sent a letter to Google requesting its voluntary compliance with the Letter of Request. Dharia Decl. ¶ 3. On January 24, 2025, Google responded by email stating that it "requires Legal Process to be issued in the U.S. before providing responsive

discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (internal quotation marks omitted).

While these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.*, *In re Mut. Assistance of Local Ct. of Wetzlar, Germany*, No. 1:17-c-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

UNITED STATES' MEM. OR LAW ISO *EX PARTE* APPL. FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)
No. 25-mc-80041

documents," and "suggest[ed] issuing a subpoena pursuant to a § 1782 Application." *Id.* ¶ 4, Ex. B.

Accordingly, to execute the Argentinian Court's request for international judicial assistance, authority must be obtained from this Court. *See* 28 U.S.C. § 1782.

## ARGUMENT

### I.    The Hague Evidence Convention

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and Argentina. Hague Conference on Private International Law, Status Table for Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last updated June 23, 2023) (last visited January 31, 2025).

Article 10 of the Hague Evidence Convention provides:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id.* art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971); *see also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state

1  and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (*quoting Medellin v.*

2  *Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding

3  that "an Act of Congress" is on "full parity with a treaty") (*quoting Reid v. Covert*, 354 U.S. 1, 18

4  (2000)).

5  **II.    Statutory Considerations Weigh in Favor of Granting the United States' Application**

6       The authority for this Court to assist foreign tribunals in obtaining testimony, statements,

7  documents, or other things is contained in 28 U.S.C. § 1782.  This section states:

8      Assistance to foreign and international tribunals and to litigants before such tribunals.

9  (a) The district court of the district in which a person resides or is found may order him to
10  give his testimony or statement or to produce a document or other thing for use in a
proceeding in a foreign or international tribunal, including criminal investigations
11  conducted before formal accusation. The order may be made pursuant to a letter rogatory
issued, or request made, by a foreign or international tribunal or upon the application of
12  any interested person and may direct that the testimony or statement be given, or the
document or other thing be produced, before a person appointed by the court. By virtue
13  of his appointment, the person appointed has power to administer any necessary oath and
take the testimony or statement. The order may prescribe the practice and procedure,
14  which may be in whole or part the practice and procedure of the foreign country or the
international tribunal, for taking the testimony or statement or producing the document or
15  other thing. To the extent that the order does not prescribe otherwise, the testimony or
statement shall be taken, and the document or other thing produced, in accordance with
16  the Federal Rules of Civil Procedure.

17  28 U.S.C. § 1782(a); *see also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the Hague

18  Evidence Convention).

19       Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to

20  provide federal-court assistance in gathering evidence for use in foreign tribunals."  *Intel Corp. v.*

21  *Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  By this law, Congress intended that the

22  United States set an example to other nations by making judicial assistance generously available.  *See,*

23  *e.g.*, *In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151,

24  1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened

25  Section 1782, each time increasing the statute's ability to provide international judicial assistance),

26  *abrogated on other grounds by Intel Corp.*, 542 U.S. 241.  District courts have repeatedly appointed

27  Department of Justice attorneys to act as commissioners pursuant to this provision for the purpose of

28  rendering judicial assistance to foreign courts in response to a request for assistance.  *See, e.g.*, *In re*

1  *Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant

2  United States Attorney ("AUSA") to obtain sworn answers to questions posed in letters rogatory); *see*

3  *also, e.g.*, *In re Request from Obolonskyi Dist. Ct.*, No. 20-mc-80023-JSC, 2020 WL 571032, at *3

4  (N.D. Cal. Feb. 5, 2020) (appointing AUSA as commissioner to obtain information); *In re Request for*

5  *Judicial Assistance from Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea*, No. 23-mc-80016-BLF,

6  2023 WL 2394545, at *5 (N.D. Cal. Mar. 7, 2023); *In re Request for Int'l Judicial Assistance from Nat'l*

7  *Ct. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal.

8  Mar. 11, 2015) (same).

9      This Court is authorized to provide assistance to the Argentinian Court if the three requirements

10  set forth in Section 1782 are met.  Those requirements are: (1) the person or entity from whom discovery

11  is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign

12  or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any

13  interested person."  *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG*

14  *to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,

15  376 F.3d 79, 83 (2d Cir. 2004); *see also* S. Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964

16  U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute);

17  *Intel*, 542 U.S. at 248-49 (providing a brief history of § 1782 and federal court aid to foreign tribunals).

18      Here, each of these threshold statutory requirements is met.  First, Google "resides or is found

19  in" the Northern District of California because its principal place of business is in Mountain View,

20  California, which is in Santa Clara County.  Dharia Decl. ¶ 5, Ex. C.  Second, the Letter of Request

21  demonstrates that the documents are for use in a proceeding before a foreign tribunal because it states

22  that the Argentinian Court has issued the order requesting that Google identify the owner of the gmail

23  account to assist with adjudicating a civil action between Andrea Esther Lazarovch and Andrés Ernesto

24  di Pelino involving the enforcement of child support payments.  *Id.* ¶ 2, Ex. A at 4.  Third, the Letter of

25  Request itself also reflects that it is made by a foreign or international tribunal, namely, the Argentinian

26  Court.  *Id.* ¶ 2, Ex. A at 3-4.

27

28

Case 5:25-mc-80041 Document 1-1 Filed 02/19/25 Page 6 of 8

III.     **Discretionary Considerations Weigh in Favor of Granting the United States' Application**

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Indeed, Section 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65.

"In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Argentinian Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010); *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Google is not a party to the foreign proceedings and is not subject to the Argentinian Court's jurisdiction because it is located in California; thus, the first factor weighs in

favor of granting the motion.  *See In re Request from Obolonskyi Dist. Ct.*, 2020 WL 571032, at *3 (fact that "[requested party] is not a party to the [foreign] action, and therefore discovery regarding its records is unattainable absent Section 1782(a) aid" weighs in favor of authorizing discovery).

Second, this request was initiated by the Argentinian Court and not by an independent party.  In addition, nothing in the Letter of Request suggests that this Court should decline to grant the Application based on the nature of the Argentinian Court or the character of the proceedings.  Therefore, the Argentinian Court is receptive to the assistance of this Court and the second factor weighs in favor of granting the motion.  *See In re Request from Obolonskyi Dist. Ct.*, 2020 WL 571032, at *3 (fact that "the [foreign] Court has requested assistance in obtaining this discovery" weighs in favor of authorizing discovery).

Third, because the requester is the Argentinian Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Argentina's discovery rules or to thwart policies of either the United States or Argentina.  *See In re Request from Obolonskyi Dist. Ct.*, 2020 WL 571032, at *3 (where the foreign court itself has requested assistance, "[t]here is nothing to suggest that the request here is an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States") (internal quotation marks omitted).

And with respect to the fourth factor, the request here seeks basic information—the identity of the owner of a gmail account—and therefore would not be unduly intrusive or burdensome for Google to provide such evidence.  *See, e.g.*, *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1023 (N.D. Cal. 2023) (finding proposed subpoena to Google for information about a user, including the "name, gender, phone number, and date of birth, for the individual(s) who used a specific Google email account during a specific date range," was "not overbroad, unduly intrusive, or burdensome."); *In re Request for Judicial Assistance from Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea*, 2023 WL 2394545, at *4 (finding proposed subpoena to Meta for information about accounts, "including names, dates of birth, email addresses, cell phone numbers, and IP addresses," to be "narrowly tailored" and "not unduly intrusive or burdensome").  Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in

1   *Intel* favors authorizing judicial assistance to the Argentinian Court.  Accordingly, the United States

2   respectfully requests that the Court enter an order appointing the undersigned Assistant U.S. Attorney as

3   Commissioner and authorizing her to issue a subpoena to obtain information from Google. This order

4   may be granted *ex parte.  See* note 1, *supra*.  Although the Federal Rules of Civil Procedure governing

5   third-party discovery do not apply to a Commissioner subpoena issued pursuant to Section 1782(a) to

6   the extent that the Court's order provides otherwise, Google may mitigate any potential burden by

7   seeking relief through an appropriate motion with the Court. *Letters Rogatory from Tokyo Dist*, 539 F.2d

8   at 1219.

9                                   **CONCLUSION**

10          Attached as Exhibit D to the Declaration of Ekta Dharia is the proposed subpoena that this office

11   intends to serve (in substantially similar form) on Google should the Court grant this application

12   pursuant to 28 U.S.C. § 1782.  Upon receipt, responses to the subpoena will be sent to the United States

13   Department of Justice, Civil Division, OIJA for transmission to the Argentinian Court.

14          WHEREFORE, the United States respectfully requests that the Court issue an order, in the form

15   attached to this application, appointing Ekta Dharia, Assistant United States Attorney, as Commissioner

16   for the purpose of issuing a subpoena to execute the request for international judicial assistance.

17

18

19   DATED:  February 19, 2025                     Respectfully submitted,

20                                                 PATRICK D. ROBBINS
                                                   Acting United States Attorney

21                                                  /s/ Ekta Dharia

22                                                 EKTA DHARIA
                                                   Assistant United States Attorney

23

24                                                 *Attorneys for the United States of America*

25

26

27

28

UNITED STATES' MEM. OR LAW ISO *EX PARTE* APPL. FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)
No. 25-mc-80041